UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERWIN JEROME HOLT,

      Petitioner,      Case No. 1:17-cv-207

v.               Honorable Paul L. Maloney

TONY TRIERWEILER,

      Respondent.
_____/

**OPINION**

    This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Derwin Jerome Holt presently is incarcerated at the Bellamy Creek Correctional Facility. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of one count of armed robbery, MICH. COMP. LAWS § 750.529, and four counts of illegal use of a financial transaction device. On March 13, 2014, Petitioner was sentenced to 8 years and 9 months to 45 years for the armed-robbery conviction and 2 to 4 years for each of the financial-transaction-device convictions.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals, asserting that the trial court had erred in scoring offense variables (OVs) 7 and 8. Because no contemporaneous objection was lodged against the scoring of the variables, Petitioner also argued that his attorney was ineffective in failing to object.

In an unpublished opinion issued on July 16, 2015, the Michigan Court of Appeals rejected Petitioner's appellate arguments and affirmed the convictions and sentences. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same claims. The supreme court denied leave to appeal on February 2, 2016. Petitioner did not file a petition for certiorari in the United States Supreme Court.

In his habeas application, Petitioner raises the following ground for relief:

> THE STATE COURTS DID ERR IN FAILING TO CORRECT PETITIONER'S SENTENCING GUIDELINE SCORES WHICH WOULD'VE CORRECTED THE IMPROPER SENTENCING OF THE FINAL SENTENCE OFFERED BY THE TRIAL JUDGE[.]

(Br. in Supp. of Pet., ECF No. 2, PageID.23.) As he did in the state courts, Petitioner argues that trial counsel was ineffective in failing to object to the scoring of the variables.

## Standard of Review

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-

court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 83, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted). The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular . . . case." *Williams*, 529 U.S. at 407. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no

'fairminded disagreement' on the question." *White*, 134 S. Ct. at 1706-07 (quoting *Harrington*, 562 U.S. at 103).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state

appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## Discussion

Petitioner contends that the trial court improperly scored OV 7 and OV 8 and that the scoring rendered his sentence one that was based on misinformation of a constitutional magnitude, in violation of Petitioner's right to due process.[1]

    A.    <u>OV 7</u>

Plaintiff argues that the court erred in scoring Plaintiff 50 points on OV 7, because the offense conduct did not rise to the level of aggravated physical abuse, as described in OV 7:

> (1) Offense variable 7 is aggravated physical abuse. Score offense variable 7 by determining which of the following apply and by assigning the number of points attributable to the 1 that has the highest number of points:
>
> > (a) A victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense . . . . . . . . . . . . . . . . . . . . . . . . . 50 points
> >
> > (b) No victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense . . . . . . . . . . . . . . . . . . 0 points

---

[1] Petitioner has not properly exhausted his constitutional claim, as he presented his issues to the state courts solely in terms of state law. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. Because Petitioner did not raise his claims as constitutional issues, they are not properly exhausted. Nevertheless, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust . . . ." 28 U.S.C. § 2254(b)(2). Because Petitioner's claims lack merit, the Court will proceed to disposition without requiring exhaustion.

(2) Count each person who was placed in danger of injury or loss of life as a victim.

(3) As used in this section, "sadism" means conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification.

MICH. COMP. LAWS § 777.37.

In concluding that Plaintiff's conduct warranted the scoring of 50 points under OV 7, the MCOA made substantial factual findings:

> In this case, defendant's actions amounted to sadism, excessive brutality, and conduct designed to substantially increase the complainant's fear and anxiety during the offense. After completing the crime, defendant ran the point of the knife across Schwartz's throat and made stabbing motions at Schwartz while telling Schwartz he was going to kill him. Defendant and one of the juvenile males then forced Schwartz to strip and walk through a heavily wooded area, telling him all the while that they would kill him and his family because they knew where to find him. At sentencing, Schwartz further noted that "[t]hey humiliated me, calling me fat and ugly and a piece of s*** and f*** face, amongst many other names." Based on the record, defendant subjected Schwartz to both extreme and prolonged humiliation and there was no purpose for these actions other than to humiliate Schwartz or to gratify defendant. Schwartz had given up the physical struggle with defendant and was willing to hand over his valuables without further protest. Forcing Schwartz to strip and threatening his life and the lives of his family was gratuitous and was calculated to subject the complainant to pain and humiliation. *See* MCL 777.37(3). Defendant's conduct was also savage and cruel beyond the usual brutality associated with armed robbery. *Glenn*, 295 Mich App at 533.
>
> In addition, defendant's conduct was designed to substantially increase the fear and anxiety the complainant suffered during the offense. Defendant committed armed robbery by taking money and property from Schwartz while armed with a dangerous weapon. *See* MCL 750.529. But defendant did much more. Again, defendant threatened Schwartz's family, made stabbing motions at Schwartz with the knife, ran the point of the knife across Schwartz's neck, and told Schwartz, "We are gonna kill you. We're gonna kill you." Defendant thus engaged in conduct beyond the minimum required to commit the offense of armed robbery. See *Hardy*, 494 Mich at 443-444. Defendant also intended to increase Schwartz's fear and anxiety by a considerable amount. See *id.* at 440 n 26, 443-444. As defendant and the juvenile male forced Schwartz to walk through the woods wearing only his underwear and socks, they told him that they planned to empty his bank account completely. They also told him that if the police did not come and arrest him, that

> they would kill him and his family. The evidence indicated that this was meant not just to instill a sense of fear and anxiety in Schwartz during the incident, but to make him fear a future assault as well. See *People v McDonald*, 293 Mich App 292, 298-299; 811 NW2d 507 (2011) (holding that the defendant intended to increase the victim's fear or anxiety when he "made threats that clearly indicated that he could find her again in the future."). Accordingly, the trial court could have found that defendant's conduct was designed to substantially increase the fear and anxiety Schwartz suffered. See *Hardy*, 494 Mich at 439-440.
>
> Defendant asserts that his actions individually were insufficient to justify a score of 50 points, as much of the most egregious conduct was committed by defendant's accomplices, and specifically someone who referred to himself as Amber's brother. We disagree that defendant's specific actions were insufficient to justify a score under OV 7, as our analysis was based exclusively on defendant's actions. However, we further note that while this Court has held that, in regard to OV 7, "only the defendant's actual participation should be scored," *People v Hunt*, 290 Mich App 317, 323-326; 810 NW2d 588 (2010), the current case is distinguishable from *Hunt*. In *Hunt*, the Court held that "while [the] defendant was present and armed during the commission of the crime here, he did not himself commit, take part in, or encourage others to commit acts" justifying a score of 50 points under OV 7. Id. at 325-326. Here, it was clear that defendant and Amber's brother were acting congruently, and defendant certainly was not taking a passive role in the events.

*People v. Holt*, No. 321063, 2105 WL 4389976, **1-2 (Mich. Ct. App. Jul. 16, 2015). Petitioner makes absolutely no attempt to contest any of the facts recited by the state court. He merely claims that those facts cannot support the court's finding that his conduct amounted to "sadism, excessive brutality, and conduct designed to substantially increase the complainant's fear and anxiety during the offense." *Id.* at *2.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. See *Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief);

*Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). Petitioner's arguments under state law, therefore, are not reviewable by this Court.

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley v. Harris*, 465 U.S. 37, 50 (1984)); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a

claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447.

Petitioner's sentence clearly is neither arbitrary nor shocking, as it falls well within the maximum sentence under state law. *See* MICH. COMP. LAWS § 750.529 (authorizing a maximum sentence of life imprisonment or any terms of years). Further, the factual findings of the court of appeals are entitled to a presumption of correctness that may be overcome only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner*, 449 U.S. at 546. Despite Petitioner's assertion that his sentence was based on inaccurate information in violation of due process, he utterly fails to identify any inaccurate information. He does not dispute any fact recited by the court of appeals, much less demonstrate that it was false by clear and convincing evidence. Instead, Petitioner argues only that the court should have reached a different conclusion based on the undisputed facts. Such a claim clearly falls far short of the sort of egregious circumstances implicating due process.

The state court's findings were wholly reasonable conclusions in light of the recited facts. The state-court's determination therefore was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

B.   OV 8

Petitioner argues that the state court improperly assessed him 15 points under OV 8, because Petitioner did not asport the victim to a place of greater danger, as required by the provision. Offense Variable 8 provides as follows:

> (1) Offense variable 8 is victim asportation or captivity. Score offense variable 8 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> > (a) A victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15 points
> >
> > (b) No victim was asported or held captive . . . . . . . . . . . . . . . . . . . 0 points
>
> (2) All of the following apply to scoring offense variable 8:
>
> > (a) Count each person who was placed in danger of injury or loss of life as a victim.
> >
> > (b) Score 0 points if the sentencing offense is kidnapping.

MICH. COMP. LAWS § 777.38.

In denying Petitioner's claim, the court of appeals recited substantial facts on which it relied to uphold the trial court's determination:

> OV 8 governs the asportation or captivity of a victim. See *People v. Dillard*, 303 Mich. App. 372, 379, 845 N.W.2d 518 (2013). MCL 777.38 provides that OV 8 should be scored at 15 points when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." "A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others." *People v. Chelmicki*, 305 Mich. App. 58, 70-71, 850 N.W.2d 612 (2014). A place of greater danger may include "an isolated location where criminal activities might avoid detection." *Dillard*, 303 Mich. App. at 379, 845 N.W.2d 518. Asportation requires no physical force and "may occur even when the victim voluntarily accompanied the defendant to a place or situation of greater danger." *Id.*

>In this case, defendant and his accomplices concocted a scheme to lure Schwartz from a readily observable parking lot into a secluded wooded area to rob him. Furthermore, once Schwartz was in the woods and defendant attacked him with the knife, Schwartz moved further into the woods as he struggled with defendant for the weapon. It is irrelevant that Schwartz initially entered the woods with Amber of his own free will and that his struggles with defendant, rather than defendant's purposeful application of physical force, carried him deeper into the woods. See *id.* Finally, once defendant had relieved Schwartz of his valuables and clothing, he made Schwartz walk away from the clearing and into a thick, trackless part of the woods, further increasing Schwartz's isolation and danger. See *Chelmicki*, 305 Mich.App. at 70-71, 850 N.W.2d 612. Thus, the trial court did not err in assigning 15 points to OV 8 because defendant asported Schwartz to a place or situation of greater danger.
>
>The trial court could also have assigned 15 points to OV 8 on the ground of captivity. Defendant and his accomplices held Schwartz at knifepoint and forced him to give them his wallet, car keys, and cell phone. The offense was then complete. It was after the actual robbery that defendant ran the knife over Schwartz's throat, made stabbing motions at Schwartz, threatened to kill his family, forced him to remove his clothing, and made him walk through the woods while defendant continued to berate and threaten him. Thus, even if only a brief time elapsed, defendant held Schwartz captive beyond the time necessary to complete the offense of armed robbery. See MCL 777.38(1).

*Holt*, 2015 WL 4389976, **3-4.

As previously discussed, any claim that the state court improperly applied OV 8 under state law is not cognizable in this proceeding. *Hutto*, 454 U.S. at 373-74; *Austin*, 213 F.3d at 301-02 (6th Cir. 2000). Instead, to demonstrate constitutional error, Petitioner must show that the court based its determination on material misinformation of constitutional magnitude, by proving (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447.

To meet this burden, Petitioner makes the following representation:

>During Mr. Schwartz testimony he stated under oath that he voluntarily walked into the woods with the female he arranged to meet. (II, 86). When he entered the woods, he was confronted by three persons, struggled with them and in trying to grab the knife, walking farther and farther down the path until he came to

>a clearing where he gave up the struggle. (II, 92-93). This was deliberately overlooked at sentencing by the court and prosecution in order to give petitioner the tuffest [sic], yet improper sentence. There was no evidence that Mr. Schwartz was purposely asported to another place of either greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense. Schwartz voluntarily went into the woods and rather than exiting after being confronted, he voluntarily continued into the woods.

(Br. in Supp. of Pet., ECF No. 2, PageID.24-25.)

Petitioner's argument falls far short of demonstrating either that the information before the court was false or that the court relied on any false information. Petitioner does not suggest that any fact recited by the court of appeals was false. Instead, he claims only that the court did not refer to certain testimony that Petitioner believes should have resulted in a different conclusion. Petitioner's argument is frivolous. It is patently obvious that the Michigan Court of Appeals expressly considered Plaintiff's argument that the victim "voluntarily" went into the woods and then went deeper into the woods. The court held that, under state law, Petitioner's claim of voluntariness was irrelevant. Thus, the court of appeals at no time either ignored evidence or relied on false information in upholding the sentence. *Tucker*, 404 U.S. at 447.

### C. Ineffective Assistance of Counsel

Plaintiff claims that sentencing counsel was ineffective in failing to object to the scoring of OV 7 and OV 8. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

The Michigan Court of Appeals concluded that, because the trial court's scoring of OV 7 and OV 8 was proper, counsel was not ineffective in failing to object. *Holt*, 2015 WL 4389976, *4. That determination is patently reasonable. An attorney's failure to make a frivolous

or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). The court of appeals therefore reasonably rejected Petitioner's claim of ineffective assistance of sentencing counsel.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service

under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:   April 6, 2017             /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge